IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:07-1014-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT DEVON PRIESTER ) | |
| ) | |

_____

This matter is before the court upon the defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 or alternatively, reduce his sentence under 18 U.S.C. § 3582(c) based on the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). In *Dorsey*, the Court made applicable the provisions of the Fair Sentencing Act (FSA), effective August 3, 2010, to those defendants sentenced after the FSA's enactment, although the offense took place before that date. The FSA raised the amount of cocaine base required to trigger the statutory minimum sentence under 21 U.S. § 841(b)(1)(A)(iii) (replacing the 50 gram threshold to 280 grams).

A review of the docket reveals that the defendant filed his first § 2255 motion *pro se* on August 10, 2011 claiming ineffective assistance of counsel, which this court denied on the merits. The defendant also sought to vacate and correct his sentence under the Fair Sentencing Act. The court denied the request based on the defendant's plea agreement waiver that he would not file a § 2255 motion, except in the case of ineffective assistance of counsel or prosecutorial misconduct. This court's decision was denying the first § 2255 motion was made on March 15, 2012, prior to the Supreme Court's decision in *Dorsey*.

1

Here, the defendant, through the Assistant Public Defender which this court appointed, seeks a resentencing, arguing that the defendant was sentenced under a statutory scheme that required a minimum of 8 years supervised release, but which statutory scheme now calls for a minimum of 6 years. The defendant does not contest the active sentence of 300 months.

As an initial matter, this court is without jurisdiction to consider the present § 2255 motion because it is successive. In order for the defendant to file a second or successive § 2255 claim, the defendant must first obtain authorization from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 22555(h) and § 2244(b)(3). The Fourth Circuit may authorize a successive claim only if the defendant makes a prima facie showing that the claim relies on

> (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; or
>
> (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*Id*. § 2255(h); *see also id.* § 2244(b)(3)(C).

Because the defendant provides no evidence to this court that he has obtained pre-filing authorization from the Fourth Circuit, his motion is dismissed without prejudice.

A Certificate of Appealability is denied because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] Denial

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that
(continued...)

of a Certificate of Appealability does not prevent the defendant from seeking permission to file a successive petition or pursuing his claims after obtaining such permission.

IT IS SO ORDERED.

January 17, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1](...continued)  
any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001).